UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| TRANG NGUYEN,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Case No. 21-cv-00121-RMI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 68 |

Now pending before the court is a jointly-filed discovery dispute letter brief (dkt. 68). The undersigned has reviewed the Parties' submissions and, upon consideration of their arguments, and pursuant to Federal Rule of Civil Procedure 78(b), and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. The essence of the dispute concerns the government's request to reopen discovery such as to serve a third-party subpoena, and to afford additional time for expert discovery, due to a recent development that the government argues "represents a sea change in Plaintiff's damages case for future earning capacity and may have eliminated this entire category of damages." *See* Ltr. Br. (dkt. 68) at 3.

This case is founded on a complaint for damages under the Federal Tort Claims Act – stemming from an automobile accident involving, *inter alia*, Plaintiff and Hoopa Valley Tribal Officer Russel Hurley. *See* Compl. (dkt. 1) at 2. Plaintiff pleaded several related causes of action and sought damages in the nature of "[c]ompensatory damages, including damages for past and future physical pain and suffering, mental anguish and emotional distress, disfigurement, medical expenses, loss of enjoyment of life, <u>*loss of earning capacity*</u>, and any other compensatory damages . . ." *Id*. at 6 (emphasis added). In April of 2022, Plaintiff sought leave of court to increase her claim for damages against the United States Department of the Interior from $2,000,000.00 to $4,000,000.00 based on the suggestion that when she filed her $2,000,000.00 claim, Plaintiff "was unaware that the combination of [her injuries] would result in permanent work restrictions and

losses . . . [because] [t]he increase in symptoms . . . has left Plaintiff with limitations in her ability to perform the work of a full-charge dentist [and] [s]he no longer can stand for 6-8 hours a day." *See* Pl.'s Mot. (dkt. 48) at 1, 15. The court denied that motion because Plaintiff had not shown that the extent of her injuries was not reasonably discoverable at the time she submitted her claim. *See* Order of June 13, 2022 (dkt. 63) at 5-7.

More recently, the government has learned that Plaintiff "took a new position as a professor at the University of the Pacific [] School of Dentistry, and may also have returned to her family's dental practice, Main Dental, in Los Altos, California." *See* Ltr. Br. (dkt. 68) at 3. Accordingly, because these developments unfolded after the close of discovery, the government seeks to reopen discovery for the limited purpose of seeking additional discovery from both Main Dental and the University of the Pacific ("UoP"). *Id*. While Plaintiff has stipulated to the government's desire to serve a subpoena on UoP, Plaintiff opposes the government's desire to take discovery from Main Dental, thus the government seeks leave of court to issue the subpoena. *Id*.

The subpoena seeks both documents and testimony geared to ascertaining the extent of Plaintiff's involvement with Main Dental. *See* Ltr. Br. Exh. A (dkt. 68) at 9. Describing it in broad strokes for present purposes, the subpoena seeks documents and records (from January 1, 2022, to the present, unless noted otherwise) from Main Dental under the general rubric of revealing Plaintiff's financial interests and involvement in that business, as well as information relating to recent modifications of Main Dental's website (which had experienced recent changes pertaining to Plaintiff's involvement with that business). *See id*. at 12-13. Meanwhile, Defendant opposes the issuance of the subpoena and states that she "does not work for Main Dental[,] nor does she have an ownership interest in the business . . . [and therefore] the subpoena categories [] have nothing to do with Dr. Nguyen's earning capacity and everything to do with seeking to invade the financial interests of Dr. Chau and how he supports his family." *Id*. at 6. The government, on the other hand, argues in support of its subpoena as follows: certain alterations were made to the Main Dental website (*see id*. at 4 for an cataloging of those alterations) "at the instruction of Plaintiff's counsel [and] [t]his self-serving alteration of the website heightens the need [for] additional fact discovery – to investigate possible spoliation"; the government also contends that, Plaintiff's

representations notwithstanding, "[t]he purpose of discovery is to independently investigate the facts, rather than relying on the unsupported and inconsistent assertions of counsel"; and, lastly, the government notes that "the events giving rise to the present dispute – Dr. Nguyen's return to the Bay Area and the post-deposition updated Main Dental website reflecting that she was an employee of Main Dental – [which] arose after all expert reports were exchanged[,] [reflects that] [t]he [subpoena] topics are all relevant to the issue of Plaintiff's claim for lost future earning capacity or spoliation." *Id*. at 4-5.

The court finds the government's arguments to be persuasive. Accordingly, the court rules as follows: (1) for the reasons stated by the government (including the spoliation issues reportedly related to the recent changes to the Main Dental website), Plaintiff's objections are **OVERRULED**; (2) because the government has demonstrated good cause for the limited reopening of fact discovery, the government's request for leave to serve its subpoena on the custodian of records for Tanh Chau, DDS, Inc. "dba" Main Dental is **GRANTED**; and, (3) the government's requested modifications to certain portions of the remainder of the case schedule are well taken. Accordingly, as to the government's request to modify the remainder of the case schedule, that request is **GRANTED** and it is herewith **ORDERED** that: (1) supplemental expert reports are due 30 days after all subpoena returns are received by all Parties; (2) if supplemental reports are served by September 30, 2022, then expert depositions shall be completed by January 19, 2022; (3) dispositive and Daubert motions shall be due by Friday, February 17, 2022; (4) motions will be heard on March 28, 2023 at 11:00 a.m.; (5) the pretrial conference will be set for April 10, 2023 at 2:00 p.m.; and (6) trial will commence on May 1, 2023.

**IT IS SO ORDERED.**

Dated: August 9, 2022

ROBERT M. ILLMAN
United States Magistrate Judge